UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY ALBERT LEWIS,               | No. C 05-4877 SI (pr) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|     v. | |
| FEDERICO L. ROCHA, | |
|     Respondent. | |

Roy Albert Lewis, a defendant in a criminal case now pending before this court, United States v. Lewis, No. CR 05-638 SI, filed this action for a writ of habeas corpus. He filed several petitions in this action; the most recent one, filed on December 21, 2005 as docket # 7, supersedes the earlier ones.

The petition must be dismissed for lack of subject matter jurisdiction. Petitioner specifically alleges that "[t]his petition does not bring a federal question." Petition, p. 2. The alleged basis for the petition is Lewis' personal version of a "superior law," described in Exhibit A to the petition. He has not shown this court has jurisdiction to enforce his personal version of a "superior law."

Even if this court did have subject matter jurisdiction, as might exist for example if the petitioner was seeking a writ under 28 U.S.C. § 2241, the petition must be dismissed because the matters presented in it must be presented, if at all, as motions in the pending criminal case. Liberally construed, the petition alleges these points: (1) there is no pending criminal case

1 against him, (2) Lewis' detention by Federico Rocha (the U.S. Marshal for the Northern District)
2 is unlawful because he owes no debt to Rocha, and (3) Lewis owes nothing to the United States
3 because he has discharged his debt

4     There is a criminal case pending against Lewis. This court takes judicial notice of the
5 existence of the criminal case pending against Roy Lewis and LeRoy Lewis, i.e., United States
6 v. Lewis, No. CR 05-638 SI.[1]  This disposes of Lewis' first contention.

7     Lewis is no longer in a federal detention facility but instead is out on pretrial supervised
8 release. Any challenge to the conditions of his release must be made in a motion in the criminal
9 case. See 18 U.S.C. § 3145. This disposes of his second claim.

10     Lewis' third claim appears to be an effort to articulate a defense against the criminal
11 charges and must be raised in the pending criminal case and, if he is unsuccessful in asserting
12 the defense in the district court, must be raised by an appeal. Habeas is not a substitute for an
13 appeal. See Reed v. Farley, 512 U.S. 339, 354 (1994); Walker v. Chitty, 112 F. 2d 79 (9th Cir.
14 1940). Habeas relief is available for pretrial detainees, but only when exceptional circumstances
15 are present, such as speedy trial problems and some double jeopardy problems that cannot be
16 cured after the trial and conviction have occurred. No exceptional circumstances are present
17 here.

18     Lewis filed a notice of intent to amend the petition but failed to identify the way in which
19 he wanted to amend the petition. Six weeks have passed since the notice of intent to amend and
20 Lewis has not filed an amended petition. He appears to have abandoned his plan to amend his
21 petition. The court will not wait any longer for the amended petition.

---

[1] Lewis attached a letter from a deputy clerk in the Clerk's office, who wrote that, as of November 21, 2005, there was no record of a criminal case pending against Roy A. Lewis. The reported absence of a case appears to have been due to the fact that the indictment against Lewis was originally filed under seal. A public record search will not uncover the existence of a case in which the indictment is under seal until the indictment is unsealed. The order unsealing the indictment in the criminal case was stamped "filed" on November 17, 2005, but not entered into the docket until November 21, 2005. (See docket entry for docket # 26.) Thus, it appears that the reported absence of a criminal case was because the search was done earlier on the same day (November 21) the order unsealing the indictment was entered.

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED. This action is dismissed without prejudice to Lewis asserting a challenge to the conditions of release and asserting his defenses to the charges in the pending criminal case. The clerk shall close the file.

IT IS SO ORDERED.

Dated: 3/01/06 _____

_____
SUSAN ILLSTON
United States District Judge